UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GARINEH BAGHDASARIAN,
                      Plaintiff,

v.

MACY'S, INC., MACY'S, MACY'S
DEPARTMENT STORES,
SHANNON GIANCOTTA, AND
DOES 1 THROUGH 100,
INCLUSIVE

                      Defendants.

Case No. 2:21-CV-04153-AB (MAAx)

**ORDER DENYING MOTION FOR REMAND**

Before the Court is Plaintiff Garineh Baghdasarian's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 9). Defendants Macy's, Inc., Macy's, and Macy's Department Stores (collectively "Defendants") filed an opposition ("Opp'n," Dkt. No. 13). Plaintiff filed a reply ("Reply," Dkt. No.18). After reading and considering the arguments presented by the parties, the Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the reasons stated below, the Court **DENIES** Plaintiff's Motion for Remand, and Plaintiff's request for attorneys' fees and costs is **DENIED as moot**.

1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.     BACKGROUND**

### a.  Plaintiff's Employment Background

On November 19, 1991, Plaintiff, an individual residing in the State of California, was hired at Defendants' retail store located in Glendale, California.  *See* Declaration of Nancy Doumanina ("Doumanian Decl.") at 2:16-17, Ex. A ("Compl.") at 3:6-10, 7:27-28.  During her employment with Defendants, Plaintiff worked at various retail stores located throughout California, including Pasadena and Woodland Hills.  *Id.* at 7:28-8:3.  In 2001, Plaintiff commenced working at Store 504 in Burbank, California as a Merchandising Team Manager.  *Id.* 8:7-9.  Plaintiff continued working in this position until her termination on or about February 21, 2020.  *Id.* at 8:8-9.  Plaintiff's supervisor during a portion of her employment at Store 504 was Shannon Giancotta.  *Id.* at 3:6-10, 5:1-5, 8:10-11; *see* Declaration of Shannon Giancotta ("Giancotta Decl.") at 2:21-24.

### b.  Procedural Background

On September 30, 2020, Plaintiff filed a Complaint in Los Angeles County Superior Court against the following individual and corporate Defendants: (1) Macy's, Inc.; (2) Macy's; (3) Macy's Department Stores; and (4) Shannon Giancotta.  *See generally* Compl.  Plaintiff asserted nineteen causes of action under the Fair Employment and Housing Act and California Labor Code related to her employment and termination.  *Id*.  The Complaint does not clearly state whether the amount in controversy exceeds $75,000, but Plaintiff seeks economic damages, including "lost wages, benefits, salary increases and income, both past and future" as well as non-economic damages, including "emotional distress."  *Id*. at ¶¶ 37, 41, 45, 49, 54, 58, 63, 67, 72, 77, 81, 86, 92, 96, 100, 104, 108, 112, 116, Prayer.  Plaintiff also seeks "all compensatory and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute."  *Id.* at ¶¶ 38, 42, 46, 50, 55, 59, 64, 68, 73, 78, 82, 87, 93, 97, 101, 105, 109, 113, 117, Prayer.

1    On December 17, 2020, Defendants Macy's, Inc. and Macy's West Stores,

2    LLC, filed their Answer to Plaintiff's Complaint.  *See* Declaration of Nancy

3    Doumanian ("Doumanian Decl."), at 2:18-19, Ex. B.  Relevant here, in their Answer,

4    Defendants note that "[t]here is no corporate entity in the Macy's family that is just

5    called 'Macy's'" and that "Macy's Department Stores changed its name to Macy's

6    West Stores, Inc. in 2009," which subsequently "became Macy's West Stores, LLC as

7    of June 1, 2020."  *Id.* at 1:27-28.  Defendants' Answer contains a General Denial,

8    several Affirmative Defenses, and a Reservation of Rights.  *Id.*  The Reservation of

9    Rights states "Defendants *[sic]* right to assert additional defenses, if and to the extent

10   that such defenses are application, is hereby reserved."  *Id.* at 7:25-27.

11   On January 5, 2021, Defendants Macy's, Inc. and Macy's West Stores, LLC

12   filed a Motion to Compel Arbitration.  *See* Doumanian Decl. at 2:20-21, Ex. C.

13   Plaintiff opposed Defendants' Motion to Compel Arbitration.  *See* Doumanian Decl.

14   at 2:22-23, Ex. D.

15   On April 13, 2021, Plaintiff served Ms. Giancotta with the Complaint.  *See*

16   Giancotta Decl. at 3:8-9; Declaration of Betty Thorne ("Tierney Decl.") at 2:21.

17   On April 26, 2021, Defendants' Motion to Compel Arbitration was heard, and

18   an evidentiary hearing was scheduled for May 1, 2021.  *See* Doumanian Decl. at 3:11-

19   12, Ex. F.  On May 1, 2021, the hearing was conducted.  *Id.*  However, the hearing

20   was not concluded on May 1, 2021, and thus, continued to May 20, 2021.  *Id.*

21   On May 14, 2021, Ms. Giancotta timely filed an Answer.  *See* Tierney Decl. at

22   2:21-23, Ex. 2.  On May 17, 2021, Ms. Giancotta served on Plaintiff, but did not file, a

23   peremptory challenge to the state court judge presiding over the matter.  *See*

24   Doumanian Decl. at 3:13-16, Ex. G.

25   On May 18, 2021, Plaintiff voluntarily dismissed Ms. Giancotta without

26   prejudice from the matter.  *See* Tierney Decl. 2:24-26, Ex. 3.

27   On May 18, 2021, Defendants Macy's, Inc., Macy's, and Macy's Department

28   Stores, Inc., removed the matter to this Court based on diversity jurisdiction pursuant

1 || to 28 U.S.C. §§ 1332, 1441(b), and 1446(b)(3). *See* Notice of Removal of Action

2 || (Dkt. No. 1).

3        On June 17, 2021, Plaintiff timely filed the instant Motion seeking the matter be

4 || remanded to state court.

5 || **II.    LEGAL STANDARD**

6        "The burden of establishing jurisdiction falls on the party invoking the removal

7 || statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec.,*

8 || *Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted); *see also Duncan*

9 || *v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The 'strong presumption' against

10 || removal jurisdiction means that the defendant always has the burden of establishing

11 || that removal is proper." *Gaus v. Miles, Inc.*, 980. F.2d 564, 566 (9th Cir. 1992). If

12 || any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Id.* at

13 || 566–67; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009)

14 || ("[T]he court resolves all ambiguity in favor of remand to state court.").

15        "If a court has diversity jurisdiction over a case, its 'virtually unflagging

16 || obligation to exercise the jurisdiction conferred upon [it] by the coordinate branches

17 || of government and duly invoked by litigants,' precludes it from remanding state law

18 || claims." *Kakarala v. Wells Fargo Bank, NA*, 615 F. App'x 424, 425 (9th Cir. 2015)

19 || (internal citations omitted).

20 || **III.   DISCUSSION**

21        ***a.   Request For Judicial Notice***

22        Pursuant to Federal Rule of Evidence ("FRE") 201, a court "must take judicial

23 || notice if a party requests it and the court is supplied with the necessary information."

24 || Fed. R. Evid. 201(c). Judicial notice permits a court to consider an adjudicative fact

25 || "that is not subject to reasonable dispute because it: (1) is generally known within the

26 || trial court's territorial jurisdiction; or (2) can be accurately and readily determined

27 || from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

28 || 201(b)(1)–(2); *see* Fed. R. Evid. 201(b), advisory committee's note ("With respect

to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy."). The Ninth Circuit has made clear that "[a] court must also consider—and identify—which fact or facts it is noticing from . . . [a document]. Simply because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018).

Plaintiff asks this Court to take judicial notice of several documents it contends are relevant to her Motion for Remand. Exhibits A, B, C, D, F, and G are court filings from the state court proceeding. (RJN ¶¶ 1–4, 6, 7). Exhibit H is Macy's West Stores, LLC's filings with the Secretary of State for the State of California, including the 2020 Applications to Register as a Foreign Limited Liability Corporation, and the January 6, 2021 LLC Termination – Certificate of Cancellation.[1] (*Id.* ¶ 8). These exhibits are judicially noticeable as matters of public record. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

However, Exhibits E, I, and J are not judicially noticeable because Plaintiff does not state how the facts within these documents are "not subject to reasonable dispute," either because they are "generally known" within this court's jurisdiction or "can be accurately and readily determined from sources whose accuracy cannot

---

[1] Plaintiff filed a Supplemental Request for Judicial Notice ("Supplemental Request"). *See* Dkt. No. 25. Notably, Exhibits A, B, C, and D in the Supplemental Request are the same documents contained in Exhibit H above-noted. Plaintiff's Supplemental Request also seeks judicial notice of two remand Orders, Exhibits E and F, from unrelated cases involving Macys. Although Exhibits E and F are judicially noticeable, that does not mean that every assertion of fact within them is judicially noticeable for its truth. *See Khoja*, 899 F.3d at 999-1000. To the extent Plaintiff seeks judicial notice of the existence of these remand Orders, Plaintiff's request is **GRANTED**.

5.

reasonably be questioned." (RJN ¶¶ 5, 9, 10); Fed. R. Evid. 201(b). In a sweeping manner, Plaintiff asks the Court to judicially notice all the factual content contained in Exhibits E, I, and J, an action this Court is unwilling and unable to take. *See Khoja*, 899 F.3d at 999–100; *see also DalPoggetto v. Wirecard AG*, No. CV 19-0986 FMO (SKx), 2020 WL 2374948, at *2 (C.D. Cal. Apr. 15, 2020) (denying the defendant's request for judicial notice where the defendant had only requested that the court notice whole documents rather than specific facts); *Capaci v. Sports Research Corp.*, No. CV 19-3440 FMO (FFMx), 445 F.Supp.3d 607, 617 (C.D. Cal. Mar. 26, 2020) (denying request for judicial notice where defendant did "not indicate which facts within the exhibits" it sought notice of but rather "simply request[ed] that the court take judicial notice of the documents in their entirety."); *Advanced Risk*, 2019 WL 6716292 at *3–5; *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 649 (7th Cir. 2011) (finding that the district court did not abuse its discretion by refusing to take notice where the plaintiffs "sought judicial notice not of particular discrete facts, but of a number of whole documents[.]") (internal citation and quotation omitted).

As such, Plaintiff's request for judicial notice as to Exhibits A, B, C, D, F, G, and H is **GRANTED**, but Plaintiff's request for judicial notice as to Exhibits E, I, and J is **DENIED**.

### b. *Timeliness Of Removal*

Under 28 U.S.C. § 1446(b) ("Section 1446"), a defendant seeking to remove a case in diversity jurisdiction must file a notice of removal within thirty days after service of the complaint. If, however, a case is not removable at the outset, the defendant may file a notice of removal within thirty days after receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *see e.g., Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 696 (9th Cir. 2005) (holding a notice of removal may be filed within thirty days from when a defendant may

1    ascertain that removal is proper.); *Powers v. Chesapeake & O. Ry.*, 169 U.S. 92

2    (1898) (holding that the time period for removal begins to run only after complete

3    diversity occurs and that the plaintiff's delay in dismissing one of the defendants did

4    not defeat removal.).

5           Here, Plaintiff argues that Defendants acted with "unclean hands" when filing

6    their Notice of Removal because it was filed to avoid having their Motion to Compel

7    Arbitration denied.  *See* Motion at 10:12-14, 11:3-5.  In her Reply, Plaintiff also

8    argues that Defendants "should have promptly removed the action on or before

9    December 6, 2020" since Defendants essentially allege that Ms. Giancotta was a

10   "sham defendant having been added to defeat diversity."  Reply at 3:17-18, 3:5-9.

11   However, Plaintiff's arguments are unpersuasive for the following two reasons.

12          First, Defendants were unable to remove the matter at the onset because

13   diversity jurisdiction did not exist since Plaintiff's Complaint named a non-diverse

14   individual as a defendant, Ms. Giancotta, who is a resident of California.  *See*

15   *generally* Compl.; *see also* Giancotta Decl. at 2:25-3:9.  In their Opposition,

16   Defendants do not allege that Ms. Giancotta was a sham defendant; rather, Defendants

17   contend that diversity jurisdiction did not exist *prior* to Plaintiff's voluntary dismissal

18   of Ms. Giancotta, the only non-diverse defendant.  *See generally* Opp'n.  As such,

19   Defendants were unable to remove the matter to federal court within thirty days of

20   service of the Complaint because there was no basis for removal.

21          Second, Defendants promptly and timely removed the matter once it became

22   ascertainable that diversity jurisdiction existed.  Specifically, on May 18, 2021,

23   Plaintiff voluntarily dismissed Ms. Giancotta, the only non-diverse defendant, from

24   the state court action.  *See* Tierney Decl. 2:24-26, Ex. 3.  That same day, Defendants

25   filed their Notice of Removal, rather than continue litigating in the state court

26   proceeding.  As such, despite having until June 17, 2021 to file their Notice of

27   Removal, Defendants filed their Notice on May 18, 2021.  *See* 28 U.S.C. § 1446(b).

28

7.

1    Accordingly, pursuant to Section 1446, Defendants filed their Notice of

2    Removal within thirty days of it becaming ascertainable that the case was removable.

3         **c.   Diversity Jurisdiction**

4    Under 28 U.S.C. §1441(a) ("Section 1441"), a civil action may be removed to

5    the district court where the action is pending if the district court has original

6    jurisdiction over the action.  Under 28 U.S.C. §1332 ("Section 1332"), a district court

7    has original jurisdiction of a civil action where the matter in controversy exceeds the

8    sum or value of $75,000, exclusive of interest and costs, and the dispute is between

9    "citizens of different states."  Section 1332(a)(1) requires complete diversity, meaning

10   that "the citizenship of each plaintiff is diverse from the citizenship of each

11   defendant."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Hunter v.*

12   *Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

13                  **i.   Amount in Controversy**

14   In cases "[w]here it is unclear from the face of the complaint whether the

15   amount in controversy exceeds $75,000, the removing defendant bears the burden of

16   establishing, by a preponderance of the evidence, that the amount in controversy

17   exceeds the jurisdictional threshold."  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d

18   413, 416 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118,

19   1121–22 (9th Cir. 2013) (quotation marks and citations omitted).

20   In assessing the amount in controversy, courts consider "allegations in the

21   complaint and in the notice of removal, as well as summary-judgment-type evidence

22   relevant to the amount in controversy."  *Chavez*, 888 F.3d at 416 (internal citation

23   omitted); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir.

24   2006) (evidence properly considered includes "facts in the removal petition, and . . .

25   summary-judgment-type evidence relevant to the amount in controversy at the time of

26   removal.").  The amount in controversy may include "damages (compensatory,

27   punitive, or otherwise) and the cost of complying with an injunction, as well as

28   attorneys' fees awarded under fee shifting statutes."  *Chavez*, 888 F.3d at 416 (internal

1    citation omitted); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

2    1998) ("where an underlying statute authorizes an award of attorneys' fees, either with

3    mandatory or discretionary language, such fees may be included in the amount in

4    controversy.").

5         Courts may separate wages into two categories: "past wages—i.e., lost wages

6    between the date of Plaintiff's termination and the date of removal—and future

7    wages—i.e., lost wages between the date of removal and trial." *Fisher v. HNTB*

8    *Corp.*, No. 2:18-CV-08173-AB (MRWx), 2018 WL 6323077, at *5 n. 7 (C.D. Cal.

9    Dec. 3, 2018).  When the date of a trial is not set, courts have found one year from the

10   date of removal to be a conservative trial date estimate. *Calhoun v. Consol. Disposal*

11   *Serv., LLC*, No. 19-cv-2315-MWF (MRWx), 2019 WL 2522677, at *3 (C.D. Cal.

12   June 18, 2019); *see also Reyes v. Staples Office Superstore, LLC*, No. CV 19-07086-

13   CJC (SKx), 2019 WL 4187847, at *3 (C.D. Cal. Sept. 3, 2019).

14        Here, as Plaintiff admits in her Reply, it is unclear from the face of the

15   Complaint whether the amount in controversy exceeds $75,000.  *See* Reply at 7:19-20.

16   As such, Defendants bear the burden of establishing, by a preponderance of the

17   evidence, that the amount in controversy exceeds $75,000.

18        As an initial matter, Plaintiff's statement that "[t]here is zero evidence before

19   this Court that the amount in controversy exceeds $75,000" is unfounded. *Id.* at 7:18-

20   19.  Plaintiff's Complaint was filed as an "unlimited" civil case, that is, one in which

21   the amount demanded exceeds $25,000.  *See* Cal. Civ. Proc. § 85(a).  Accordingly, the

22   court can reasonably infer that more than $25,000 is at issue in this matter.

23        Second, Defendants have demonstrated through a preponderance of the

24   evidence that the amount in controversy exceeds $75,000.  Defendants submitted a

25   declaration from Alex Bleckert, Vice President of Colleague Support for Macy's

26   Corporate Services, Inc., in support of their position that the amount in controversy

27   exceeds $75,000.  *See* Declaration of Alex Bleckert ("Bleckert Decl.") at 2:6-7, 2:22-

28   26.  Mr. Bleckert's declaration includes copies of Plaintiff's wage statements and W-2

1   forms prior to her termination.  *See* Bleckert Decl. Exs. 1-2.  Based on this evidence,

2   the Court determines that Plaintiff was earning at least $60,000[2] per year prior to her

3   termination on or about February 21, 2020.  *See* Compl. at 8:8-9.  Accordingly,

4   because the matter was removed on May 18, 2021, Plaintiff's lost wages alone—

5   $79,800 ($60,000 x 1.33 years = $79,800)—satisfy the amount in controversy.

6   Furthermore, since Plaintiff also requests, among other things, punitive damages and

7   attorneys' fees under fee shifting statutes, Defendants have established that the

8   amount of controversy exceeds $75,000.

9                            ii.  **Diversity Of Citizenship**

10          To demonstrate citizenship for diversity purposes, a party must (1) be a citizen

11   of the United States, and (2) be domiciled in a state of the United States.  *Lew v.*

12   *Moss,* 797 F.2d 747, 749 (9th Cir. 1986).  A person is domiciled in a State where he or

13   she has "established a fixed habitation or abode in a particular place, and [intends] to

14   remain there permanently or indefinitely."  *Id.* at 749-50 (internal quotations omitted).

15          When determining citizenship for diversity jurisdiction, a corporation is deemed

16   to be a citizen of every state it is incorporated in, as well as the state where it has its

17   principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Principal place of business

18   refers to the corporation's nerve center, the "place where the corporation's [high-

19   level] officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*

20   *v. Friend,* 559 U.S. 77, 81 (2010).  "[A]n LLC is a citizen of every state of which its

21   owner/members are citizens." *Johnson v. Columbia Properties Anchorage*, *LP*, 437

22

23

24   _____

25

26

27   [2] The $60,000 estimate used in the Court's calculation is derived from the non-redacted
    portions of Plaintiff's wage statements from February 2015 and February 2016.  *See* Bleckert

28   Decl., Ex. 2, pp. 7-8.

1    F.3d 894, 899 (9th Cir. 2006).  Here, Plaintiff and Defendants are citizens of different

2    states.[3]

### 1. Citizenship Of Plaintiff

4         The evidence presented by Defendant establishes that Plaintiff is domiciled in

5    California, which Plaintiff does not dispute.  Plaintiff is currently a resident of Los

6    Angeles, California.  *See* Compl. at 3:6-10.  From 1991 to 2020, Plaintiff worked at

7    several of Defendants' retail stores located in Glendale California; Paseo, California;

8    Woodland Hills, California, and Burbank, California.  *Id.* at 7:27-8:8; Declaration of

9    Alex Bleckert ("Bleckert Decl.") at 2:27-3:4.  Plaintiff's W-2 forms list her residence

10   in Glendale, California.  Bleckert Decl. at 3:6-8, 3:16-20, Ex. 1.  Similarly, Plaintiff's

11   wage statements from 2015 to 2020 list this same address in Glendale, California.  *Id.*,

12   Ex. 2.  Accordingly, Defendants have established that Plaintiff has "a fixed habitation

13   or abode in a particular place, and [intends] to remain there permanently or

14   indefinitely," which is not disputed by Plaintiff.  *Lew*, 797 F.2d at 749-50.

### iii. Citizenship Of Macy's, Inc.

16        Defendant Macy's, Inc. contends that it is a citizen of Delaware and New York.

17   It has presented the declaration of Steven Watts, Senior Counsel in Macy's, Inc. Law

18   Department, in support of Macy's Inc.'s citizenship.  Mr. Watts asserts that Macy's,

19   Inc. was and remains incorporated under the laws of the state of Delaware.

20

21

22

23

24   [3] The fact that a non-diverse defendant, Ms. Giancotta, was present prior to removal in the
     state court proceeding is not relevant to the diversity analysis since Plaintiff voluntarily
25   dismissed Ms. Giancotta on May 18, 2021.  As such, Ms. Giancotta's citizenship is not at
     issue.  *See Caterpillar*, 519 U.S.; *see e.g.*, *Kakarala v. Wells Fargo Bank, NA*, 615 F. App'x
26   at 425 (holding that "[t]he district court had no discretion to remand [the] claims to state
     court" when diversity jurisdiction exists.) (internal citation omitted).  Nonetheless, the Court
27   determines from the evidence presented by Defendants that Ms. Giancotta is a citizen of
     California, which is not disputed by Plaintiff.  *See* Giancotta Decl. at 2:25-3:9.
28

11

1  Declaration of Steven Watts ("Watts Decl.")[4] at 4:25-28.  Mr. Watts also states that

2  Macy's, Inc.'s principal place of business is New York, New York.  *Id.*  In support of

3  this statement, he asserts that "the directors and executive management team who

4  direct, control, and coordinate Macy's activities do so from New York, New York."

5  *Id.* 5:15-17.  For example, out of the twenty-seven officers for Macy's, Inc., the

6  majority reside in New York City and only one officer resides in California.  *Id.* at

7  5:1-7.  Similarly, all the members of the Senior Executive Committee of Macy's Inc.,

8  including the Chairman and Chief Executive Officer, reside in New York City.  *Id.* at

9  5:8-12.  No member of the Senior Executive Committee resides in California.  *Id.* at

10  5:12-13.

11  ### iv.  Citizenship of Macy's Department Stores, Inc.

12  Defendant Macy's Department Stores, Inc., currently known as Macy's Retail

13  Holdings, LLC, contends that it is a citizen of Delaware and New York.

14  On or about August 31, 2009, Macy's Department Stores, Inc. changed its name

15  to Macy's West Stores, Inc.  *See* Watts Decl. at 2:24-27, Ex. 1.  From August 2009

16  through May 2020, Macy's West Stores, Inc. operated the retail stores known as

17  "Macy's" and "employed all of the sales associates and personnel operating the stores

18  in the State of California."[5]  *Id.*

19

20

21

22  [4] Defendants untimely submitted the Declaration of Mr. Watts.  *See* Dkt. Nos. 21-22.  In
23  response, Plaintiff filed a supplemental declaration and objections requesting that Mr. Watt's
   declaration be stricken or disregarded.  *See* Dkt. Nos. 23-24.  Plaintiff's objections are
24  overruled.  *See* L.R. 7-6 and 7-7.  Accordingly, the Court will not disregard nor strike Mr.
   Watt's declaration.

25  [5] "Macy's" is a "short-hand name given to many of the entities in the Macy's corporate
26  structure, but it is not a valid corporate descriptor."  *See* Tierney Decl. at 2:13-15; *see also*
   Watts Decl. at 2:21-23.

27  12.

28

1    In May 2020, Macy's West Stores, Inc. "converted from a corporation to a

2    limited liability company and change[d] its name to Macy's West Stores, LLC."

3    Watts Decl. at 3:13-15, Ex. 2.  Macy's West Stores, LLC sole owner and member is

4    Macy's Retail Holdings, LLC, whose sole owner, and member is Macy's Inc., who is

5    a citizen of the state of Delaware and New York.  *See* Watts Decl. at 3:15-20, Ex. 8.

6    As such, at the time Plaintiff filed her Complaint on September 30, 2020, Macy's

7    West Stores, LLC was a citizen of the state of Delaware and New York.  *Id.*

8    After Defendants filed their Answer in state court, on or about December 31,

9    2020, Macy's West Stores, LLC merged into Macy's Retail Holdings, LLC, with

10   Macy's Retail Holdings, LLC emerging as the surviving entity.  *See* Watts Decl. at

11   3:21-24, Exs. 3-7.  Accordingly, "the current name of Defendant Macy's Department

12   stores, Inc. is Macy's Retail Holdings, LLC."  *Id.* at 4:18-20.

13   In contrast, Plaintiff contends that Defendants are citizens of California because

14   they have a "substantial presence" in California.  Plaintiff contends that the Ninth

15   Circuit determines a corporation's citizenship by examining the entity's "total

16   activities," considering where its operations are located, where it supervises that

17   business, and where it employs persons.  Motion at 13:19-25.  Plaintiff argues that

18   since Defendants have "maintained sufficient minimum contacts, business activity,

19   and commerce within the County of Los Angeles and State of California," California

20   can "'reach out' to Defendant[s] and have jurisdiction."  Motion at 14:6-10, 14:17-18.

21   To support this position, Plaintiff cites *Industrial Tectonics Inc. v. Aero Alloy,* 912

22   F.2d 1090, 1094 (9th Cir. 1990).  However, in light of the test set forth in *Hertz,*

23   Plaintiff's arguments are unpersuasive.

24   Plaintiff has also not contradicted the evidence provided by Defendants

25   regarding their place of incorporation and principal place of business.  Accordingly,

26   Defendants have satisfied their burden of showing that they are not citizens of

27   California.  Rather, under *Hertz,* Defendants are citizens of Delaware and New York.

13.

28   *See generally* Watts Decl.

1    For these reasons, Defendants have sufficiently demonstrated that there is

2    complete diversity between the parties.

3                    *d.  Waiver Of Diversity Jurisdiction*

4    A party "may waive the right to remove to federal court where, after it is

5    apparent that the case is removable, the defendant takes actions in state court that

6    manifest his or her intent to have the matter adjudicated there, and to abandon his or

7    her right to a federal forum." *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d

8    1230, 1240 (9th Cir. 1994); *see also EIE Guam Corp. v. Long Term Credit Bank of*

9    *Japan, Ltd.*, 322 F.3d 635, 649 (9th Cir. 2003) (holding that waiver requires "a clear

10   and unequivocal abandonment of the right to a federal forum"); *Foley v. Allied*

11   *Interstate, Inc.*, 312 F. Supp. 2d 1279, 1284-85 (C.D. Cal. 2004) (noting that waiver is

12   disfavored because "access to a federal forum is a significant right").  Such a waiver

13   "must be clear and unequivocal." *Resolution Trust Corp.*, 43 F.3d at 1240 (quoting

14   *Beighley v. FDIC*, 868 F.2d 776, 782 (5th Cir. 1989)).  For example, when "a party

15   takes necessary defensive action to avoid a judgment being entered automatically

16   against him, such action does not manifest an intent to litigate in state court, and

17   accordingly, does not waive the right to remove." *Resolution Trust Corp.*, 43 F.3d at

18   1240.  Generally, a defendant does not forfeit its right to remove "by action in state

19   court short of proceeding to an adjudication on the merits." *Resolution Trust Corp.*,

20   43 F.3d at 1240; *Acosta v. Direct Merchants Bank*, 207 F. Supp. 2d 1129, 1131-32

21   (S.D. Cal. 2002) (reciting the same).  Determining whether a defendant has "waived

22   [its] right to remove based on active participation [in state court] must be made on a

23   case-by-case basis." *Oster v. Standard Life Ins. Co.*, No. CV 09-00851, 2009 WL

24   1260174 (N.D. Cal. May 6, 2009) (quoting *Yusefzadeh v. Nelson, Mullins, Riley &*

25   *Scarborough, LLP*, 365 F.3d 1244, 1246 (11th Cir. 2004)).

26   However, after a defendant is on notice of the potential to remove an action,

27   courts agree that proceeding through various pretrial matters in state court constitutes

28   waiver.  *See Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1091 (C.D. Cal.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2005) aff'd, 446 F.3d 1011 (9th Cir. 2006) (holding filing a permissive counter-claim in state court constituted waiver after defendant was on notice of the potential to remove the matter.); *see e.g.*, *Hazelwood v. A.W. Chesterton Co.*, No. CV 12-1313, 2012 WL 2344103 (N.D. Cal. June 20, 2012) (granting motion to remand where once right to remove became apparent, a defendant nonetheless "proceeded through various pretrial matters and the start of the jury trial before filing its notice of removal, requiring the state court to devote a considerable amount of its limited resources to these matters, even though [the defendant] knew that such efforts would be wasted" once it removed to federal court).

Here, Plaintiff argues that Defendants waived their right to seek removal because: (1) they failed to "plead an affirmative defense [of lack of jurisdiction] as required by Federal Rule 8(c)" in their Answer; and (2) they filed a motion to compel arbitration seeking substantive relief from the state court and actively participating int a hearing in progress on the matter."  Motion at 8:10-11, 8:26-9:1.  Both of Plaintiff's waiver arguments are unpersuasive.[6]

Prior to Plaintiff's voluntary dismissal of Ms. Giancotta on May 18, 2021, there was no basis, for Defendant to remove the matter to federal court.  As such, the filing of an Answer and Motion to Compel Arbitration in state court proceeding prior to the case becoming removable do not demonstrate that Defendants had an intent to have the matter adjudicated in state court, and to abandon their right to a federal forum.  *See Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018) (holding "filing a pleading, such as an answer or demurrer, or other pleading raising a defense that

---

[6] Plaintiff also argues that Defendants' decision in unrelated state court matters to not remove demonstrate Defendants are "acting with unclean hands" and mitigate in favor of remanding.  Motion at 12:16-13:9.  However, a party's decision regarding removal in unrelated matters have no bearing on the current analysis of whether remand is proper.

might be conclusive on the merits," does not waive a defendant's right to a federal forum prior to the case being removable.).

Indeed, Defendants filed their Notice of Removal the same day that Plaintiff voluntarily dismissed Ms. Giancotta, the non-diverse defendant, from the matter. *See* Dkt. No. 1; *see also* Tierney Decl. 2:24-26, Ex. 3. Thus, as soon as it was apparent that the case was removable, Defendants promptly removed the matter. Accordingly, because it was not "unequivocally apparent" that the case was removable, Defendants did not manifest their intent to have the matter adjudicated in state court, and to waive their right to a federal forum.

## IV.    CONCLUSION

For the following reasons, Plaintiff's Motion for Remand is **DENIED**. Because Plaintiff's Motion is **DENIED** Plaintiff's request for attorneys' fees and costs is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: September 02, 2021

                  _____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

16.